Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of

A residence located approximately 6 miles west of Burnside Junction, approximately 1000 feet south of Highway 264, Burnside, AZ, with GPS coordinates 35.780533, -109.714475

Case No. 22-4104 MB

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona.
(identify the person or describe the property to be searched and give its location):

**As further described in Attachment A.**

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

**As set forth in Attachment B.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before _____April 16, 2022_____.
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge.

_____.
*(name)*
☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for days *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____     **Camille D. Bibles**  Digitally signed by Camille D. Bibles
Date: 2022.04.02 17:02:16 -07'00'
*Judge's signature*

City and State: _____     Honorable Camille D. Bibles, U.S. Magistrate Judge
*Printed name and title*

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

# RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
|  |  |  |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

# CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date:

                                              Executing officer's signature

                                              Printed name and title

## ATTACHMENT A – PLACE TO BE SEARCHED

**ADDRESS/DESCRIPTION OF LOCATION:** A residence located approximately 6 miles west of Burnside Junction, Burnside, Arizona 86505 on the Navajo Indian Reservation (Indian Country) in the District of Arizona. The house is located approximately 1000 feet south of Highway 264, Burnside, AZ.

**GPS COORDINATES:** 35.780533, -109.714475

**PHOTO ATTACHED:** Yes (satellite image)



## ATTACHMENT B – THINGS TO BE SEARCHED FOR AND SEIZED

1. Any cellular phones in the residence, including any iPhones, smart phones, or flip phones.

2. Any firearms, including any rifles, shotguns, or any firearm parts and/or pieces (e.g., barrels, triggers, stocks, magazines).

3. Any firearm ammunition, bullets, casings, shells, including live and spent rounds. This includes any ammunition, spent casings, and any bullets in the walls or floors.

4. Any indicia of ownership, possession, and/or use of any firearms and/or ammunition, including any receipts for firearms or ammunition and photographs.

5. Any blood evidence, including dried blood or substances that appear to be blood, which may be on the floors, walls, clothing, bedding, furniture, weapons (e.g., firearms), or items used to clean up same (such as cloth towels, washcloths, or paper towels).

6. Indicia of ownership, occupancy, and/or use of the residence, including such things as: mail (e.g., bills) that may be addressed to the occupant(s); driver's licenses and/or identification cards; personal property such as clothing that may identify the owners and/or occupants of the structure; and photographs of the owners and/or occupants at the structure.

7. Any shovels, brooms or other items that may contain sand or soil residue.

8. Clothing to include denim pants, black shirts and black shoes, or any other clothing that may contain blood evidence.

9. Vehicles located on the property to include a maroon-colored truck and a white-colored passenger car.

10. Photographs of the residence and the things seized.

FAX or Internet

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:

A residence located approximately 6 miles west of Burnside Junction, approximately 1000 feet south of Highway 264, Burnside, AZ, with GPS coordinates 35.780533, -109.714475

)
)
)
)
)

Case No. 22-4104 MB

## ELECTRONIC APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, F.B.I. Special Agent Ryan Gowdy, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**See Attachment A, hereby incorporated by reference.**

located in the District of Arizona, there is now:

**See Attachment B, hereby incorporated by reference.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

[X] evidence of a crime;

[X] contraband, fruits of crime, or other items illegally possessed;

[X] property designed for use, intended for use, or used in committing a crime;

[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1153 and 1111 | Murder |

The application is based upon the following facts:

[X] Continued on the attached sheet (see attached **Affidavit**).

[ ] Delayed notice _____ days (give exact ending date if more than 30 _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Ryan Powell  *Ryan Powell*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4/2/2022

*Ryan Gowdy*
*Applicant's Signature*

Ryan Gowdy, F.B.I. Special Agent
*Printed Name and Title*

**Sworn by Telephone**

Date/Time: _____

Date: _____

City and State: Flagstaff, AZ

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.04.02 17:01:47 -07'00'
*Judge's Signature*

Camille D. Bibles,
United States Magistrate Judge
*Printed Name and Title*

## ATTACHMENT A – PLACE TO BE SEARCHED

**ADDRESS/DESCRIPTION OF LOCATION:** A residence located approximately 6 miles west of Burnside Junction, Burnside, Arizona 86505 on the Navajo Indian Reservation (Indian Country) in the District of Arizona. The house is located approximately 1000 feet south of Highway 264, Burnside, AZ.

**GPS COORDINATES:** 35.780533, -109.714475

**PHOTO ATTACHED:** Yes (satellite image)



## ATTACHMENT B – THINGS TO BE SEARCHED FOR AND SEIZED

1. Any cellular phones in the residence, including any iPhones, smart phones, or flip phones.

2. Any firearms, including any rifles, shotguns, or any firearm parts and/or pieces (e.g., barrels, triggers, stocks, magazines).

3. Any firearm ammunition, bullets, casings, shells, including live and spent rounds. This includes any ammunition, spent casings, and any bullets in the walls or floors.

4. Any indicia of ownership, possession, and/or use of any firearms and/or ammunition, including any receipts for firearms or ammunition and photographs.

5. Any blood evidence, including dried blood or substances that appear to be blood, which may be on the floors, walls, clothing, bedding, furniture, weapons (e.g., firearms), or items used to clean up same (such as cloth towels, washcloths, or paper towels).

6. Indicia of ownership, occupancy, and/or use of the residence, including such things as: mail (e.g., bills) that may be addressed to the occupant(s); driver's licenses and/or identification cards; personal property such as clothing that may identify the owners and/or occupants of the structure; and photographs of the owners and/or occupants at the structure.

7. Any shovels, brooms or other items that may contain sand or soil residue.

8. Clothing to include denim pants, black shirts and black shoes, or any other clothing that may contain blood evidence.

9. Vehicles located on the property to include a maroon-colored truck and a white-colored passenger car.

10. Photographs of the residence and the things seized.

## ELECTRONICALLY-SUBMITTED AFFIDAVIT

I, Ryan Gowdy, Special Agent of the Federal Bureau of Investigation (FBI), state under oath as follows:

1. Your Affiant has been a Special Agent (SA) with the FBI since March 2016. As a SA of the FBI, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. Your Affiant's duties include the investigation of violent crimes occurring within Indian Country in the District of Arizona. Your Affiant has investigated homicides, assaults, sexual assaults, and kidnapping cases, both as the case agent and as a co-case agent.

2. The statements contained in this Affidavit are based in part on information gathered by your Affiant and other law enforcement officers, either directly or indirectly through their reports or affidavits, surveillance conducted by law enforcement officers, and information provided by witnesses. Your Affiant also relies on his experience, training, and background as an SA with the FBI in evaluating this information, and on your Affiant's own work on this case.

3. Because this Affidavit is being submitted for the limited purpose of obtaining a search warrant, your Affiant has not included every fact known to your Affiant concerning this investigation. Your Affiant has set forth only the facts necessary to establish probable cause to support issuance of the requested search warrant.

## Introduction

4. This case involves the murder of T.B., in violation of 18 U.S.C. §§ 1153 and 1111. On April 1, 2022, Navajo Nation Criminal Investigator (CI) Alvernon Tsosie notified your Affiant about a murder that occurred on the Navajo Indian Reservation (Indian Country) in the District of Arizona. Your Affiant makes this affidavit in support of a search warrant for a residence located in Steamboat, which is on the Navajo Indian Reservation (Indian Country) in the District of Arizona. The residence is fully described in **Attachment A**. The things to be searched for and seized are specifically described in **Attachment B** and pertain to the death investigation of T.B.

## Investigation

5. On April 1, 2022, your Affiant received a phone call from CI Tsosie about a possible murder.

6. Around 8:35 PM, FBI responded and arrived at a location on a dirt road near Ganado, Arizona (approximate GPS location: 35.74991, -109.68681). FBI learned from CI Tsosie that he was brought to this location by D.B., who was sitting in CI Tsosie's vehicle.

7. D.B. told CI Tsosie that this location was the burial site of T.B., who was shot by G.B.

8. Investigators processed the scene by talking photographs and digging in an area which appeared to be disturbed earth. In that area, investigators uncovered

a body.

9. Investigators found and photographed what appeared to be a gunshot wound in the back of the body, as well as arm tattoos that matched tattoos from photographs of T.B.

10. FBI Agents interviewed D.B.

11. On March 27, 2022, around 7:00 a.m., D.B. received a text from C.B. asking D.B. to come over to show him something. The text said C.B. could not say more over the phone. D.B.'s nephew drove D.B. to G.B.'s residence, where C.B. also stays.

12. D.B. entered G.B.'s residence. G.B. asked D.B. to move a truck with manual transmission. G.B. was holding a pistol.

13. G.B. told D.B., "I fucked up. I shot T.B." C.B. said, "G.B. shot T.B." They told D.B. he needed gloves.

14. D.B. noticed the living room carpet and padding were gone inside G.B.'s residence. About a month ago, D.B. saw carpet in the room when he played cards with T.B. D.B. guessed T.B. was shot in the living room but does not know.

15. D.B. sat in the back of a white Ford Taurus as G.B. drove the car away from his house. C.B. sat in the front passenger seat.

16. The three drove on dirt roads until they reached a smaller extended cab 4-wheel drive maroon truck parked on a hill.

17. After exiting the car, D.B. recognized T.B. lying face down in the back

of the truck. Outside around the maroon truck was maybe trash or cards, which G.B. and C.B picked up and threw in the white Ford Taurus saying, "There's more evidence."

18. G.B. told D.B. to get in and drive the maroon truck. D.B. dove the truck. Soon after, G.B. and C.B. passed him in the white Ford Taurus. G.B. stopped and exited the car with a shovel and gun.

19. G.B. started digging hole with the gun in his pocket. C.B. helped by moving twigs and digging with her hands. G.B. dug the hole in about 10 minutes. C.B. swept around the filled hole, possibly sweeping away footprints.

20. As they dug, G.B. and C.B. argued. D.B. heard G.B. say to C.B., "It's your own fault. You shouldn't have brought him."

21. G.B. was wearing baggy anchor blue denim pants, a black shirt, and Van shoes that were maybe black in color.

22. From the maroon truck, G.B. rolled T.B. off the truck. Pulling T.B.'s arms, G.B. dragged T.B. on the ground. Struggling, G.B. told D.B. to grab T.B. from the other side. D.B. grabbed T.B.'s pants and helped get him to the hole.

23. G.B. shoveled dirt on top of T.B., covering his body completely with dirt. C.B. swept and place twigs on top.

24. After burying T.B., C.B. drove the truck with D.B. in the front passenger seat. G.B. followed in the white Ford Taurus. D.B. asked C.B. to drop him off, but C.B. said "no" and "wait." C.B. drove and left the truck near a windmill a

few miles away from the burial site. After leaving the Truck near the windmill, the three drove away in the white Ford Taurus.

25. In the car, G.B. told C.B. to keep her mouth shut and not to say anything.

26. After digging another hole near a water tower, they dropped off D.B. near his house around 5:00 p.m.

## PARTICULAR THINGS TO BE SEIZED

27. Based on the foregoing, your Affiant is seeking a search warrant to search the residence on the property owned by G.B., as described in **Attachment A**, for evidence pertaining to the murder of T.B., including any firearms or ammunition/shell casings, clothing, or DNA evidence related to murder of T.B., as described in **Attachment B.**

28. Additionally, based on your Affiant's training and experience, indicia of ownership and/or occupancy is important in a criminal case. Such information may help establish possession or control of the premises and/or items within the premises, knowledge, and intent. Based on your Affiant's training and experience, indicia of ownership and occupancy includes such things as: mail (*e.g.*, bills) showing a person's address; ownership documents such as tax documents or bills of sale; leases or rental documents; identification cards; and photographs of the owners and/or occupants at or within the house or residence.

29. Additionally, based on your Affiant's training and experience, people

involved in committing a crime and then fleeing the scene may use cellular devices to evade law enforcement, or communicate information related to the crime they committed. This includes but is not limited to text message communications, telephone calls, and location information.

## CONCLUSION

30. Based on the foregoing, your affiant believes there is probable cause to support that violations of federal law have occurred. The place to be searched is particularly described in **Attachment A**, and the things to be searched for and/or seized are described with particularly in **Attachments B**. Accordingly, your affiant requests the issuance of a federal search warrant for a residence on the property owned by G.B, a residence located approximately 6 miles west of Burnside Junction, Burnside, Arizona 86505.

Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.

4/2/2022
Executed on (Date)

*Ryan Gowdy*
Ryan Gowdy
Special Agent
Federal Bureau of Investigation

__X__ Sworn by Telephone

Date/Time: _____

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2022.04.02 17:01:15 -07'00'

Camille D. Bibles
United States Magistrate Judge